NO. 07-10-00348-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
19, 2011

 



 

RICARDO DEWAYNE GOMEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

 

NO. B18320-1003; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

MEMORANDUM OPINION

            Appellant,
Ricardo DeWayne Gomez, was convicted by a jury of the offense of aggravated
assault on a peace officer.[1]  Appellant proceeded to the trial court for
determination of punishment and, after hearing the evidence the trial court
assessed a term of confinement for 10 years and a $5,000 fine.  Appellant gave notice of appeal.  We will affirm the judgment of the trial
court.

Appellant=s attorney has filed an Anders
brief and a motion to withdraw.  Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498
(1967).  In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and
in his opinion, the record reflects no reversible error upon which an appeal
can be predicated.  Id.
at 744-45.  In compliance with High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court=s judgment. 
Additionally, counsel has certified that he has provided appellant a
copy of the Anders brief and motion to withdraw and appropriately
advised appellant of his right to file a pro se response in this
matter.  Stafford v.
State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991).  The Court has also advised appellant of his
right to file a pro se response. 
Appellant has filed a response.  

By his Anders
brief, counsel reviewed all grounds that could possibly support an appeal, but
concludes the appeal is frivolous.  We
have reviewed these grounds and made an independent review of the entire record
to determine whether there are any arguable grounds which might support an
appeal.  See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d
300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We have found no such arguable
grounds and agree with counsel that the appeal is frivolous.

Appellant
contends in his response that the evidence was not sufficient to sustain the
jury’s verdict and that he received ineffective assistance of counsel.  We have reviewed the totality of the record
and find that any issue attacking the sufficiency of the evidence to support
the jury verdict is frivolous.  See  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). 
As to appellant’s contentions of ineffective assistance of counsel, the
record does not support them, and they are likewise frivolous.  See Salinas v. State, 163 S.W.3d 734, 740 (Tex.Crim.App.
2005).

Accordingly, counsel=s motion to withdraw is hereby
granted and the trial court=s judgment is affirmed.[2]

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice   

Do not publish.

 











[1]
See
Tex. Penal Code Ann. § 22.01(b)(1) (West Supp. 2010).





[2] Counsel shall, within five days after this opinion is
handed down, send his client a copy of the opinion and judgment, along with
notification of appellant=s right to file a pro se petition for
discretionary review.  See Tex. R. App. P. 48.4.